GRIFFIN, J.
Petitioner below, John F. Piwowarski [“Petitioner”], pro se, appeals a final order of the Department of Children and Families [“the Department”] denying food stamp benefits. The stated reasons for denial were that the value of his assets exceeded program eligibility limits, and his income was more than allowed for the program. Nothing in the record supports Petitioner’s claims of error.
Among Petitioner’s arguments is his contention that the Department erroneously failed to deduct from his income $200.00 he pays monthly in voluntary child support. The child support deduction at issue is described by the regulation as “[l]egally obligated child support payments.” See 7 C.F.R. § 273.9(d)(5); 7 C.F.R. § 273.2(f)(xii). The Department argued at the hearing that “legally obligated” meant “court ordered.” No definition of “legally obligated” could be found in this context, but it is well established that parents do have a legal duty to support their minor children. See generally 25 Fla. Jur.2d Family Law § 110 at 156 (1992). We need not decide whether the Department’s interpretation of this regulation is correct because Petitioner failed to offer evidence of a legal obligation of support. In his notice of appeal, Petitioner alleged that the hearing officer “didn’t consider the (checks) $200.00 that I always' send my dislect [dyslexic?] (over 19) daughter while she [is] in school.” Although Petitioner may not have been required to show payment of support pursuant to a court order in order to qualify for the child support deduction, he was required to demonstrate his legal obligation to pay child support.
AFFIRMED.
PETERSON and PALMER, JJ., concur.